Green, J.
delivered the opinion of the courljL
This suit was commenced before a justice of the pea^ where a judgment in favor of Blakemore was rendered for thirty dollars and fifty cents. Cannon thereupon paid the constable thirty dollars, and prayed an appeal as to the fifty cents. The court refused the appeal for fifty cents, and Cannon then prayed and obtained an appeal as to the whole judgment. After the appeal was taken, Blakemore went before the justice and executed a release as to the balance of the justice’s judgment.
When the cause came into the circuit court, Blakemore moved that it be dismissed at Cannon’s costs, which the court refused to do. On the trial Cannon read the release of Blakemore in evidence; but the court told the jury they must try the cause as it existed before the commencement of the suit; that facts which had taken *228 place subsequently, would not be noticed by them. The jury found for the plaintiff, twenty-three dollars and thirty-one cents. The plaintiff then came into court, and remitted the twenty-three dollars and thirty-one cents so found by the jury, and the court refused a new trial, and the defendant appealed to this court.
The act of 1809, ch. 126, sec. 10, provides, that “no judgment, decision or decree of the circuit court, shall be reversed in the supreme court, unless for errors which affect the merits of the judgment, decision, or decree complained of.”
Now in this case, it is true, his Honor should have given effect to' the release of the plaintiff below, as a matter pleaded puis darrein continuance; but the effect of a plea of the release, thus put in, would have been that the defendant should pay all the costs up to the time of filing the plea. To this, the plaintiff had no objection; indeed, he had, himself, made a motion to that effect. This motion the defendant resisted, and the court overruled it. The defendant sought to have the benefit of this release, executed while the suit was pending, without submitting to the condition, upon which alone he was entitled to it. When he offered the release in evidence, it should have been regarded, as the offer of a plea of this release, puis darrein continuance; and the judge should have instructed the jury, to find for the defendant, and should have adjudged that he pay the costs. But the action ■ of the court produced the same result. The jury found for the plaintiff, and the amount of the verdict was remitted of record. This left nothing against the defendant but the costs; which he was liable for, if the release had been regularly pleaded. The error of the court, therefore, if any *229 existed, does rot affect the merits. Nothing remained against the defendant, as the effect of the error. He appeals to this court from the judgment for costs alone; and the judgment for costs, was properly entered against him.
Affirm the judgment.